**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED SPECIALTY**
**INSURANCE COMPANY**,

      Plaintiff,

v.                                                                    Case No. 8:25-cv-01673-WFJ-SPF

**PHOENIX BUILDING SOLUTIONS**
**LLC, RAMOS DESIGN BUILD**
**CORPORATION D/B/A RAMOS**
**CONSTRUCTION, DEREK B.**
**ALVAREZ, and GEORGIA**
**ALVAREZ,**

      Defendants.

_____/

## <u>ORDER</u>

Before the Court is Defendant Ramos Design Build Corporation d/b/a Ramos Construction's ("Ramos") Motion for Reconsideration. Dkt. 65. Plaintiff United Specialty Insurance Company ("USIC") has responded in opposition, Dkt. 70, and Defendant Ramos has replied. Dkt. 71. Upon due consideration, the Court denies Defendant Ramos' Motion for Reconsideration.

On June 27, 2025, Plaintiff USIC filed its initial Complaint for Declaratory Relief. Dkt. 1. Following this, the Court granted an unopposed motion filed by Plaintiff USIC to amend its Complaint "by interlineation to cure a minor phrasing issue in its incorporation by reference[.]" Dkt. 34. Plaintiff USIC did so, filing its Amended Complaint for Declaratory Relief on November 3, 2025. Dkt. 42.

The Court then entered an Amended Case Management and Scheduling Order (the "CMSO"), setting April 20, 2026, as the deadline for amended pleadings. Dkt. 59 at 1. On April 20, 2026—within the time prescribed by the CMSO—Plaintiff USIC filed its Motion for Leave to File Second Amended Complaint for Declaratory Relief. Dkt. 61. This Motion included a Local Rule 3.01(g) certification that "Defendants have not yet consented to this motion, but counsel will supplement this certification with any further updates." *Id.* at 7.

On April 30, 2026, the Court granted Plaintiff USIC's motion. Dkt. 62. Plaintiff USIC then filed its Second Amended Complaint for Declaratory Relief this same day. Dkt. 63. Defendant Ramos proceeded to file a response in opposition on May 4, 2026, Dkt. 64, and Plaintiff USIC replied. Dkt. 66. Defendant Ramos then filed the present Motion for Reconsideration. Dkt. 65.

Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Adams v. Boeneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020) (citations omitted). The movant bears the burden of presenting facts or law of a strongly convincing nature to persuade a court to reverse its prior decision. *Asokan v. Am. Gen. Life Ins. Co.*, 302 F. Supp. 3d 1303, 1310 (M.D. Fla. 2017).

Defendant Ramos asserts that "reconsideration is necessary to correct a fundamental procedural error and to prevent a manifest injustice." Dkt. 65 at 4. The

2

Court disagrees. Both parties agreed upon the deadlines set by the CMSO, which permitted Plaintiff USIC to amend its complaint by April 20, 2026. *See* Dkt. 65 at 8. Plaintiff USIC complied with this deadline and timely filed its motion for leave to amend the complaint. Dkt. 61. The Court was aware the Defendant might disagree per the Local Rule 3.01(g) certification, and has since reviewed Defendant Ramos' response in opposition. *See* Dkt. 64.

The Court finds no clear error or manifest injustice sufficient to necessitate reconsideration. Plaintiff USIC's Motion for Leave to File Second Amended Complaint for Declaratory Relief was due to be granted per Federal Rule of Civil Procedure 15(a). In fact, it would instead be a manifest injustice for the Court to have denied Plaintiff USIC's motion, as it was filed within the mutually agreed-upon deadline and such leave is to be "freely given."[1] Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *see Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Furthermore, the Court finds that the arguments made by Defendant Ramos as to the merits of the claims fail to establish

---

[1] Defendant Ramos argues that "[w]here, as here, a motion for leave to amend is filed on the last day permitted by this Court's Scheduling Order, the movant must also satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which requires a showing of diligence." Dkt. 64 at 4 (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (discussing a motion for leave to amend filed "well after the time prescribed by the court's scheduling order"); *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (discussing a motion for leave to amend filed "outside the time prescribed in the district court's scheduling order"). This is a misreading of the law. The Eleventh Circuit draws no distinction between motions for leave filed on the first permissible day and those filed on the last; rather, leave is to be "freely given" so long as the motion is filed within the time allotted by the scheduling order. *See Sosa*, 133 F.3d at 1419 ("If [the plaintiff's] motion for leave to amend had been filed *within the time prescribed by the scheduling order*, Rule 15(a) would be our primary focus . . . . However, because [the plaintiff's] motion to amend was filed after the scheduling order's deadline, [the plaintiff] must first demonstrate good cause under Rule 16(b)[.]" (emphasis added)); *S. Grouts & Mortars, Inc.*, 575 F.3d at 1241 ("A plaintiff seeking leave to amend its complaint *after the deadline designated in a scheduling order* must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)." (emphasis added) (citation omitted)).

futility, *see* Dkt. 65 at 5–8, and would be more appropriately raised within a motion to dismiss or a motion for summary judgment. *See Real Est. Indus. Sols. v. Concepts in Data Mgmt. U.S.*, No. 6:10-cv-1045-Orl-GJK, 2012 WL 12903886, at *2 (M.D. Fla. Feb. 16, 2012) (granting leave to amend and concluding that "issues of pleading sufficiency . . . are better dealt with in fully briefed motions to dismiss or motions for summary judgment"); *My Energy Monster v. Daniel J. Gawrych & Lunex Power,* No. 8:20-cv-2548-MSS-AEP, 2021 WL 2964065, at *2 (M.D. Fla. Mar. 25, 2021) (granting leave to amend and explaining that the defendant's "arguments raise issues that would more appropriately be addressed in a renewed motion to dismiss" (citation omitted)).

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Ramos Design Build Corporation d/b/a Ramos Construction's Motion for Reconsideration, Dkt. 65, is **DENIED**. Defendant Ramos is **DIRECTED** to respond to the Second Amended Complaint, Dkt. 63, **within ten (10) days** following the entry of this Order, consistent with the Court's prior order. *See* Dkt. 69.

**DONE AND ORDERED** at Tampa, Florida, on July 7, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

4