**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED SPECIALTY INSURANCE COMPANY,**

Plaintiff,

Case No. 8:25-cv-01673-WFJ-SPF

v.

**PHOENIX BUILDING SOLUTIONS LLC; RAMOS DESIGN BUILD CORPORATION D/B/A RAMOS CONSTRUCTION; ALVAREZ,**

Defendants.
_____________________________________/

# ORDER

Before the Court is Defendant Design Build Corporation d/b/a Ramos Construction's ("Ramos") Motion to Dismiss Counts VII, VIII, and IX of Plaintiff United Specialty Insurance Company's ("USIC") Second Amended Complaint for Declaratory Relief. Dkt. 81. USIC has responded in opposition. Dkt. 94. Upon due consideration, the Court grants-in-part and denies-in-part Ramos' Motion to Dismiss.

## BACKGROUND

This insurance coverage dispute arises out of an underlying residential construction defect lawsuit involving a home built by Ramos as general contractor for the individual Defendants (jointly the "Homeowners"). Dkt. 63 ¶¶ 1–3. The home

is located in Tampa, Florida (the "Property"), with construction allegedly beginning on or about March 30, 2015. *Id.* ¶¶ 1, 31. During construction, Ramos reportedly retained Defendant Phoenix Building Solutions, LLC ("Phoenix") as a subcontractor to "provide the stucco and precast at the Property," while Ramos purchased the Dryvit[1] system. *Id.* ¶ 32.

On May 22, 2017, USIC issued a commercial general liability policy to Phoenix (Policy Number DCI00416-00) for the policy period of June 14, 2017, to June 14, 2018 (the "Policy"). *Id.* ¶ 41; *see* Dkt. 63-5. The Policy included the following relevant terms: Exterior Insulation and Finish System Exclusion, Continuous or Progressive Injury and Damage Exclusion, Damage to Your Property Exclusion, Damage to Your Work Exclusion, Damage to Impaired Property Exclusion, Fungi or Bacteria Exclusion Endorsement, and Duties In The Event Of Occurrence, Offense, Claim Or Suit. Dkt. 63 ¶ 3; *see* Dkt. 63-5.

On March 8, 2018, the City of Tampa allegedly issued a certificate of occupancy for the Property. Dkt. 63 ¶ 33. The Homeowners reported that they began to notice damage to the Property in mid-to-late 2022 and have since observed periodic and continuing water intrusion during significant rain events. *Id.* ¶ 34. Water is claimed to have penetrated the building envelope both through and around the windows due to the improper installation of the Dryvit system. *Id.* ¶¶ 35–36.

[1] "Dryvit is an exterior insulation and finish system ('EIFS') or is a substantially similar system." Dkt. 63 ¶ 57.

On March 15, 2024, an expert's report was prepared for the Homeowners, which identified categories of alleged damage to the Property, including: mold; damaged components (drywall, paint, wood arch framing, trim at baseboards and windows, flooring); rip and tear (kitchen islands, cabinets, office built-ins, bathrooms); dry-out; loss of use; and other. *Id.* ¶ 40; *see* Dkt. 63-4. The report specified that the Property had "sustained widespread damage as the result of water leaking through the [b]uilding [e]nvelope." Dkt. 63 ¶ 40; *see* Dkt. 63-4.

On April 4, 2024, the Homeowners filed a complaint in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, raising claims against Ramos of defective development, design, and construction regarding the Property (the "Underlying Lawsuit"). Dkt. 63 ¶¶ 16, 18; *see* Dkt. 63-1; *Alvarez v. Ramos Design Build Corp. d/b/a Ramos Constr.*, No. 24CA002765 (Fla. 13th Cir. Ct. Apr. 4, 2024). In the Underlying Lawsuit, the Homeowners alleged that Ramos was liable for the improper installation of windows, exterior cladding, roof system, and Dryvit system, which led to water penetration of the Property. Dkt. 63 ¶¶ 20–21; *see* Dkt. 63-1.

On August 26, 2024, Ramos served Phoenix with a third-party complaint in the Underlying Lawsuit, and subsequently filed an amended third-party complaint on January 30, 2025, and a second amended third-party complaint on November 26, 2025 (the "Third-Party Complaint"). Dkt. 63 ¶¶ 22–29; *see* Dkt. 63-2 at 6–82. Herein, Ramos raised claims against various subcontractors, including Phoenix, for

breach of contract, contractual indemnity, common law indemnity, negligence, and violation of the Florida Building Code. Dkt. 63 ¶ 30; *see* Dkt. 63-2 at 6–82.

USIC asserts that it was first notified of these third-party claims on December 18, 2024, and was previously unaware of the allegations of the defective construction work allegedly performed by Phoenix. Dkt. 63 ¶ 39. On January 3, 2025, USIC sent reservation of rights correspondence to Phoenix, which was followed by two additional reservation of rights letters on April 2, 2025, and April 15, 2026. *Id.* ¶ 106. USIC reports that it is "currently defending Phoenix against the third-party complaint in the Underlying Lawsuit under a reservation of rights[.]" *Id.* ¶ 2.

On June 27, 2025, USIC filed the initial Complaint for Declaratory Relief in the instant action, Dkt. 1, and subsequently filed the operative Second Amended Complaint for Declaratory Relief. Dkt. 63. In this pleading, USIC seeks "declaratory judgment that USIC does not have a duty to defend or indemnify Phoenix, under the commercial general liability policy that USIC issued to Phoenix, against a third-party complaint filed by Ramos against Phoenix in an Underlying Lawsuit filed by Homeowners against Ramos in Florida state court." *Id.* ¶ 1. Pursuant to these goals, USIC raised the following claims relevant to the present Motion to Dismiss, which seek declaratory judgment as to: the Fungi or Bacteria Exclusion Endorsement (Count VII); Phoenix's alleged failure to comply with the Policy's Duties In The Event Of Occurrence, Offense, Claim Or Suit (Count VIII); and "additional bases"

for USIC not owing Phoenix a duty to defend or indemnify (Count IX). *Id.* ¶¶ 89–107.

On February 19, 2026, pursuant to a joint stipulation, the Court stayed the instant action "solely with respect to the claims . . . relating to Plaintiff's alleged duty to indemnify Defendant Phoenix Building Solutions, LLC[,]" with the stay to "remain in effect until the earlier of (1) resolution of the underlying state court action, or (2) a determination by this Court regarding Plaintiff's duty to defend Phoenix Building Solutions, LLC." Dkt. 53.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the plaintiff is entitled to relief to give the defendant fair notice of the claims and grounds. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

In considering a Rule 12(b)(6) motion to dismiss, the court must construe the facts in the light most favorable to the plaintiff. *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citation

modified). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (citation omitted).

## DISCUSSION

Ramos' Motion to Dismiss seeks the dismissal of Counts VII, VIII, and IX of the Second Amended Complaint for Declaratory Relief. Dkt. 81. For the reasons set forth below, Ramos' Motion to Dismiss is due to be granted-in-part and denied-in-part as to Count VII, denied as to Count VIII, and granted as to Count IX.

### I. Count VII

Count VII concerns the Fungi or Bacteria Exclusion Endorsement of the Policy, which provides, in pertinent part, as follows:

> **A.** The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability:
>
> **2. Exclusions**
>
> This insurance does not apply to:
>
> **Fungi Or Bacteria**
>
> **a.** "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.
>
> **b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

> This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.
>
> . . .
>
> **C.** The following definition is added to the **Definitions** Section: "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

Dkt. 63 ¶ 90; *see* Dkt. 63-5 at 49. USIC seeks declaratory judgment that this provision defeats any duty to defend or indemnify Phoenix. Dkt. 63 ¶¶ 89–96.

Regarding USIC's duty to defend, Ramos argues that Count VII should be dismissed "because it rests entirely on extrinsic evidence that cannot inform the duty to defend." Dkt. 81 at 12 (citation modified). Ramos cites to Florida law, *id.* at 12–13, wherein "the general rule is that an insurance company's duty to defend an insured is determined solely from the allegations in the complaint against the insured, not by the true facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses." *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004) (citing *Amerisure Ins. Co. v. Gold Coast Marine Distributors, Inc.*, 771 So. 2d 579, 580–81 (Fla. 4th DCA 2000)); *see Mt. Hawley Ins. Co. v. Roebuck*, 383 F. Supp. 3d 1351, 1360 (S.D. Fla. 2019) (finding that this rule allows solely for the comparison of "the third party's filings to the language of the insurance policy, including the endorsements, to determine an insurer's duty to defend"). The relevant pleading to examine here is the Third-Party Complaint against Phoenix—the insured—which the Court takes notice of. Dkt. 63-

2 at 6–82; *see Young v. City of Augusta*, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995) (citing *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir.1994)) ("[A] court may take notice of another court's order for the limited purpose of recognizing the judicial action taken or the subject matter of the litigation[.]"). The Eleventh Circuit has held that "[i]f an examination of the allegations of the complaint leaves any doubt regarding the insurer's duty to defend, the issue is resolved in favor of the insured." *Lawyers Title Ins. Corp. v. JDC (Am.) Corp.*, 52 F.3d 1575, 1580–81 (11th Cir. 1995) (citations omitted).

Ramos specifically asserts that allegations in the Third-Party Complaint omit any reference to damage caused by fungi or bacteria. Dkt. 81 at 13. It is thus argued that "[b]ecause the operative underlying pleading[] contain[s] no fungi or bacteria allegations, the Fungi or Bacteria Exclusion cannot, as a matter of law, defeat the duty to defend, and a discovery document cannot supply what the pleadings lack." *Id.* Although both parties agreed that the relevant pleadings allege "water intrusion resulting from allegedly defective installation of the building envelope[,]" *id.*; *see* Dkt. 94 at 5 (claiming that the Third-Party Complaint "undisputedly allege[s] damage from water intrusion"), USIC contends that the Fungi or Bacteria Exclusion Endorsement defeats any duty to defend Phoenix because fungi damage is a type of damage that results from such water intrusion, Dkt. 94 at 5, and such fungi damage is attested to by the expert's report that identified mold. *Id.* at 6; *see* Dkt. 63-4.

After an examination of the allegations of the Third-Party Complaint, the Court indeed finds no mention of fungi damage. *See* Dkt. 63-2 at 6–82. The Court declines to adopt USIC's contention that because the "Third-Party Complaint alleges that Phoenix and other subcontractors are liable for any damage for which Ramos is liable[,] and that "mold/fungi is one type of damage resulting from water intrusion[,]" then the Third-Party Complaint therefore necessarily makes an allegation of fungi damage. *See* Dkt. 94 at 5. Likewise, the Court declines to consider the expert's report in the determination of USIC's duty to defend; although this may represent the "true facts of the cause of action against the insured," such facts are outside the "allegations in the complaint against the insured," to which the Court is limited in its examination. *See Steinberg*, 393 F.3d at 1230. There are thus no alleged facts in the Third-Party Complaint that could support USIC's requested declaratory judgment as to Fungi or Bacteria Exclusion Endorsement's effect upon the duty to defend. Accordingly, the Court finds that Count VII is due to be dismissed regarding the duty to defend.

Regarding USIC's duty to indemnify as to Count VII, Ramos does not put forward an argument. *See* Dkt. 81 at 12–14. Both parties acknowledge that the Court has stayed all claims as to the duty to indemnify. *See id.* ("Count VII . . . is stayed as to the duty to indemnify."); Dkt. 94 at 7 ("[T]he Court has stayed the previous claims as they relate to the duty to indemnify[.]"). USIC also cites to Florida law,

Dkt. 94 at 6, wherein "[u]nlike the duty to defend, which generally is triggered by the allegations in the underlying complaint, an insurance company's duty to indemnify an insured party 'is narrower and is determined by the underlying facts adduced at trial or developed through discovery during the litigation.'" *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1324 (11th Cir. 2014) (quoting *U.S. Fire Ins. Co. v. Hayden Bonded Storage Co.*, 930 So. 2d 686, 691 (Fla. 4th DCA 2006)). Indeed, Ramos seems to agree that extrinsic facts—such as those derived from the expert's report—may prove to be "probative . . . on indemnity[.]" Dkt. 81 at 13. Accordingly, the Court finds that Count VII may proceed regarding the duty to indemnify.

## II. Count VIII

Count VIII concerns the Policy's Duties In The Event Of Occurrence, Offense, Claim Or Suit, Dkt. 63 ¶¶ 89–96, which provide as follows:

> **2. Duties In The Event of Occurrence, Offense, Claim or Suit**
> **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
> **(1)** How, when and where the "occurrence" or offense took place;
> **(2)** The names and addresses of any injured persons and witnesses; and
> **(3)** The nature and location of any injury or damage arising out of the "occurrence" of offense.
> **b.** If a claim is made or "suit" is brought against any insured, you must:
> **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

> **(2)** Notify us as soon as practicable.
> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
> **c.** You and any other involved insured must:
>
> **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
> **(2)** Authorize us to obtain records and other information;
> **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
> **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.
>
> **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

*Id.* ¶ 98; *see* Dkt. 63-5 at 27. USIC seeks declaratory judgment that Phoenix's alleged failure to comply with these duties—due to late notice and failure to cooperate—defeats any duty to defend or indemnify Phoenix. Dkt. 63 ¶¶ 97–105.

Regarding USIC's duty to defend, Ramos argues that Count VIII is barred by the Florida Claims Administration Statute. Dkt. 81 at 8–12 (citing Fla. Stat. § 627.426(2)). This statute provides that "[a] liability insurer shall not be permitted to deny coverage based on a particular coverage defense" unless, among other requirements, "[w]ithin 30 days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail." Fla. Stat. § 627.426(2)(a). Ramos contends that "[a]n insured's alleged breach of policy

conditions—including late notice and failure to cooperate—is the quintessential 'coverage defense' within the meaning of the statute, because it defeats coverage that would otherwise exist." Dkt. 81 at 9 (citation omitted). It is then asserted that USIC failed to timely provide Phoenix—the insured—with written notice of reservation of rights to assert its coverage defense regarding late notice and failure to cooperate; thus, any claim seeking to utilize such defense is barred. *Id.* at 10–12.

However, USIC raises that the notice requirements of Fla. Stat. § 627.426(2) are only "between the company and its named insured." *Atl. Cas. and Fire Ins. Co. v. Nat'l Am. Ins. Co.*, 915 F. Supp. 1218, 1225 (M.D. Fla. 1996). Indeed, where a party does not have named insured status, "they could not complain of a breach and if they could not complain, [the party] has no conceivable standing." *Id.*; *see Gen. Sec. Ins. Co. v. Barrentine*, 829 So. 2d 980, 983 (Fla. 1st DCA 2002) ("The conditions imposed by section 627.426(2) apply only to the immediate parties to an insurance contract . . . [and] are not enforceable by a third party, merely because that party may have an interest in the outcome of a coverage dispute."). Because Phoenix—not Ramos—is the insured, only Phoenix has standing to allege a violation of Section 627.426(2). Ramos cannot make such a challenge simply due to its "interest in the outcome" of whether USIC owes a duty to defend Phoenix. *See Barrentine*, 829 So. 2d at 983.

Even if the Florida Claims Administration Statute could be leveraged by Ramos, the Court does not find that USIC's allegations represent that it failed to timely provide Phoenix with the necessary notice. *See* Dkt. 63 ¶ 106. As USIC highlights in its response, "the Second Amended Complaint alleges (1) USIC first learned of the underlying litigation on December 18, 2024; and (2) USIC sent Phoenix reservation of rights correspondence, the first one on January 3, 2025, which was within thirty (30) days of USIC learning of the underlying litigation against Phoenix, and then two additional reservation of rights letters on April 2, 2025[,] and April 15, 2026." Dkt. 94 at 10 (citing Dkt. 63 ¶¶ 100, 106). USIC thus sufficiently alleged timely reservation-of-rights correspondence to survive dismissal of Count VIII pursuant to Fla. Stat. § 627.426(2).

Regarding USIC's duty to indemnify, Ramos claims Count VIII violates the Court's prior Order staying all claims as to the duty to indemnify by raising such duty in a claim after the Order was entered. Dkt. 81 at 12. However, as noted by USIC, "no court order bars USIC from asserting further claims as to the duty to indemnify." Dkt. 94 at 6. The prior stay thus does not preclude USIC from asserting Count VIII as to the duty to indemnify. Accordingly, the Court finds that Count VIII may proceed.

### III. Count IX

Lastly, Count IX concerns "additional bases" for USIC not owing Phoenix a duty to defend or indemnify. Dkt. 63 ¶¶ 106–07. This entirety of this claim consists of the following two paragraphs:

> 106. USIC reserved all rights under the Policy, at law, and in equity in reservation of rights correspondence issued to Phoenix on January 3, 2025, April 2, 2025, and April 15, 2026.
> 107. USIC is entitled to a declaratory judgment that it owes no duty to defend or indemnify Phoenix to the extent additional bases come to light through discovery or otherwise.

*Id.* Ramos argues pursuant to Federal Rule of Civil Procedure 12(b)(1) that Count IX is "not ripe for adjudication[,]" Dkt. 81 at 6 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)), because USIC "seeks a declaration premised on grounds that do not yet exist and may never exist." *Id.* USIC further responds upon these same grounds. Dkt. 94 at 12–13. However, the Court instead finds that Rule 12(b)(6) provides a sufficient basis for dismissal of this claim.

Although this claim may very well be ripe, *see Sheriff of Broward Cnty. v. Evanston Ins. Co.*, 159 F.4th 792, 804 (11th Cir. 2025) (finding that such claims may be justiciable, even though "declaratory judgments in insurance cases are about disputed coverage and future liability, [and thus] any injury or final judgment often has not yet happened"), USIC must still sufficiently state a claim for relief upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *Vu v. Clear Blue Ins. Co.*, No. 8:24-cv-01229-JLB-AEP, 2024 WL 4710187, at *2 (M.D. Fla. Nov. 7, 2024)

("Declaratory judgment claims must identify the contractual provision requiring clarification by the Court or else be subject to dismissal." (citation omitted)).

Here—without incorporating any prior allegations—Count IX requests declaratory relief regarding "additional bases" for USIC not owing Phoenix a duty to defend or indemnify, without identifying those bases with requisite specificity. *See* Dkt. 63 ¶¶ 106–07. Because Count IX fails to identify any particular provision as a basis for declaratory relief, and instead seeks to hedge against the possibility that additional, now-undefined grounds may later emerge, it thus fails to state a sufficient claim for relief under Rule 12(b)(6). *See Rivera v. Liberty Mut. Fire Ins. Co.*, No. 6:25-cv-845-CEM-DCI, 2025 U.S. Dist. LEXIS 124930, at *4 (M.D. Fla. July 1, 2025) ("Plaintiff fails to identify a specific . . . provision at issue. Instead, it references 'various policy exclusion(s)/exception(s)[.]' . . . More is needed here."); *4205 Pine Island LLC v. Scottsdale Ins. Co.*, No. 2:23-CV-1235-JLB-NPM, 2024 WL 1806274, at *3 (M.D. Fla. Apr. 25, 2024) (Dkt. 19 at 4) (dismissing a declaratory judgment claim when the plaintiff "fail[ed] to identify a specific clause that require[d] Court clarification"). If USIC seeks to add further claims for declaratory relief based upon "additional bases," it will have to request leave of the Court to add such claims via amendment of its pleading pursuant to Rule 15(a)(2). Accordingly, the Court finds that Count IX is due to be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Defendant Design Build Corporation d/b/a Ramos Construction's Motion to Dismiss, Dkt. 81, is **GRANTED-IN-PART** and **DENIED-IN-PART**.

a. The Motion to Dismiss is **GRANTED** as to Count VII regarding the duty to defend and **DENIED** as to Count VII regarding the duty to indemnify. Accordingly, Count VII is **DISMISSED** regarding the duty to defend.

b. The Motion to Dismiss is **DENIED** as to Count VIII.

c. The Motion to Dismiss is **GRANTED** as to Count IX. Accordingly, Count IX is **DISMISSED**.

**DONE AND ORDERED** in Tampa, Florida, on November 3, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record